# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • NEW JERSEY • LOUISIANA

STEVEN B. SINGER
steven@blbglaw.com
212-554-1413

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/07

December 7, 2007



DEC 10

**BY HAND**

Honorable Richard J. Holwell
United States District Court Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1950
New York, NY 10007

Re:   *Unisystems, Inc. Employees Profit Sharing Plan v. State Street Bank and Trust Co., et al.*, Case No. 07 Civ. 9319 (RJH) ("*Unisystems*");

*The Andover Companies Employees Savings and Profit Sharing Plan v. State Street Bank and Trust Co., et al.*, Case No. 07 Civ. 9687 (RJH) ("*Andover*"); and

*Prudential Retirement Insurance and Annuity Company v. State Street Bank and Trust Company, et al.*, Case No. 07 Civ. 8488 (RJH) ("*Prudential*")

Dear Judge Holwell:

Along with Keller Rohrback, L.L.P., we represent fiduciaries of both Unisystems, Inc. Employees Profit Sharing Plan ("Unisystems Plan") and the Andover Companies Employees Savings and Profit Sharing Plan ("Andover Plan"). We write in response to the November 30, 2007 letter submitted by defendants State Street Bank and Trust Company ("SSBT") and State Street Global Advisors (SSgA") (together, "State Street"), requesting a pre-motion conference with respect to State Street's intent to move to dismiss the *Unisystems* and *Andover* complaints for lack of standing under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative, to transfer both actions to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

1285 AVENUE OF THE AMERICAS • NEW YORK • NY 10019-6028
TELEPHONE: 212-554-1400 • www.blbglaw.com • FACSIMILE: 212-554-1444



BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Honorable Richard J. Holwell
December 7, 2007
Page 2

Plaintiffs oppose the motion to dismiss and the motion to transfer under 28 U.S.C. § 1404(a). As discussed below, State Street lacks both factual and legal bases for the relief it seeks.

**Standing**

State Street's only asserted basis for dismissal is that plaintiffs, as "ERISA-qualified" plans, lack standing to assert claims against State Street under ERISA § 502(a)(2), because only plan participants, beneficiaries, and fiduciaries have standing to bring the asserted claims. Plaintiffs today filed amended complaints in both actions naming fiduciaries of each plan as plaintiffs, courtesy copies of which are attached herewith. Accordingly, the sole basis for dismissal asserted by State Street is now moot.

**Transfer**

On November 7, 2007, this Court consolidated the *Unisystems* case with *Prudential Retirement Insurance and Annuity Company v. State Street Bank and Trust Company, et al.*, Case No. 07 Civ. 8488 (RJH) ("*Prudential*"). Defendants apparently seek to undo the Court's Order by moving to transfer only the *Unisystems* and *Andover* cases, but not the *Prudential* matter, to the District of Massachusetts. This request should be denied.

In the context of a § 1404 transfer motion in an ERISA case, it is well-established that "substantial deference" should be given to the plaintiff's choice of forum. This is even more applicable here, where the venue of the S.D.N.Y. was chosen by plaintiffs in three related cases – *Prudential, Unisystems* and *Andover*.

Ordinarily, defendants seeking a transfer bear the burden of making "a clear and convincing showing that the balance of convenience favors defendants' choice." *Cavu Releasing, LLC v. Fries*, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005) (Holwell, J.) (citations omitted). But courts have recognized an even higher standard for ERISA cases in order to effectuate ERISA's stated goal of providing plans and their participants ready access to the federal courts. Indeed, in ERISA cases courts grant "particular weight" to the plaintiff's choice of forum. *See Central States, Southeast and Southwest Areas Pension Fund v. Davidson*, No. 06 Civ. 6979-GWL, 2007 WL 722889, at *1 (N.D. Ill. Mar. 8, 2007) ("In an ERISA case such as this, the plaintiff's choice of venue is given substantial deference, and the court will not disturb it unless it is clearly outweighed by other factors."); *Kiley v. AchieveGlobal, Inc.*, No. 3:05-CV-1658 (RNC), 2006 WL 2475248, at *3 (D. Conn. Aug. 24, 2006). That these ERISA actions are brought on behalf of a class does not diminish the importance of plaintiffs' choice of forum. *See In re Warrick*, 70 F.3d 736, 741 & n.7 (2d Cir. 1995) (plaintiff's choice entitled to "substantial consideration" in ERISA class action).

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Honorable Richard J. Holwell
December 7, 2007
Page 3

Moreover, State Street's argument that transferring the *Unisystems* and *Andover* actions will support judicial economy is entirely belied by the fact that State Street is not seeking to transfer the consolidated *Prudential* action. This makes clear that State Street's motion seeks some perceived tactical advantage based on *its* preferred forum, not an efficient adjudication of the three related cases.

Finally, among the parties involved in this litigation, the Unisystems Plan is administered in New York, State Street Bank maintains an office in New York, both State Street Bank and SSGA conduct substantial business in New York and much of the alleged conduct occurred here. Defendants argue that "voluminous" documents may be located in Massachusetts, however that is of little consequence here. In light of developments in electronic document discovery, courts have recognized that the location and ease of access to documentary evidence should be given little weight. *Houlihan Lokey Howard & Zukin Capital, Inc. v. Protective Group, Inc.*, No. 05 Civ. 4741-DC, 2005 WL 3367044, at *5 (S.D.N.Y. Dec. 12, 2005). Similarly, Defendants' argument regarding the convenience of its witnesses neglects the fact that, regardless of the venue of the *Unisystems* and *Andover* litigation, the same witnesses are likely to be deposed in the consolidated *Prudential* action. Defendants' motion to transfer hinges on the proposition that divorcing three related cases and duplicating discovery will promote judicial economy. That is simply not the case.

**Requested Pre-Motion Conference**

The initial scheduling conferences in the consolidated *Prudential* and *Unisystems* cases and in the *Andover* case are scheduled for January 4, 2008. In the interests of expedition, we respectfully request that the Court hold the pre-motion conference requested by State Street at the same time. We further request that State Street's motion be briefed pursuant to the schedule set forth in Edwin G. Schallert's December 6, 2007 letter to Your Honor on behalf of the plaintiff in *Prudential*.

We welcome the opportunity to discuss these matters with the Court.

Respectfully submitted,

Steven B. Singer /mb

*[handwritten annotation:]* No motions may be filed prior to the Conference scheduled for 1/4/08

*[handwritten:]* SO ORDERED
USDJ
12/12/07

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Honorable Richard J. Holwell
December 7, 2007
Page 4


cc: (via email and U.S. mail)
    Derek W. Loeser, Esq.
    Harvey J. Wolkoff, Esq.
    Barry Sher, Esq.
    Daniel B. Goldman, Esq.
    Jerome C. Katz, Esq.
    Edwin G. Schallert, Esq.