**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MERRIMACK MUTUAL FIRE INSURANCE CO. and ALAN KOBER, TRUSTEE OF THE ANDOVER COMPANIES EMPLOYEES SAVINGS AND PROFIT SHARING PLAN (the "Plan") on behalf of the Plan and all other plans similarly situated,** | **Case Number:  07-CV-09687(RJH)** |
|                     **Plaintiffs,** | |
| **vs.** | |
| **STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL ADVISORS, INC. and JOHN DOES 1-20,** | |
|                     **Defendants.** | |

**PROPOSED PRE-TRIAL SCHEDULING**
**ORDER AND REPORT PURSUANT TO FED. R. CIV. P. 26(f)**

WHEREAS, on October 31, 2007, The Andover Companies Savings and Profit Sharing Plan ("Andover Cos. Plan") filed suit against State Street Bank and Trust Company and State Street Global Advisors, Inc. (collectively, "State Street" or the "Defendants"), alleging that State Street's management of certain bond funds constitutes a breach of its fiduciary duties under ERISA and subsequently filed an amended complaint on December 7, 2007 adding a Named Fiduciary and Plan Administrator for the Andover Cos. Plan as Plaintiffs on behalf of the Plan and the Proposed Class ("Class Plaintiffs");

WHEREAS, on October 17, 2007, Unisystems Inc. Employees Profit Sharing Plan filed suit against State Street in this Court, Case Number 07-CV-09319(RJH), alleging that State Street's management of certain bond funds constitutes a breach of its

10850563_4.DOC

fiduciary duties under ERISA and subsequently filed an amended complaint adding a Named Fiduciary and Plan Administrator for the Plan as Plaintiffs (the "Unisystems Suit"); and

WHEREAS, counsel for Andover Cos. and for State Street have conferred regarding an agreed scheduling order;

NOW THEREFORE, the parties hereby submit the following proposed scheduling order:

1.  *Description of the Case*

    a.  *Identify the attorneys of record for each party, including lead trial attorney:*

        **Plaintiffs**

        William C. Fredericks (WF-1576) (proposed co-lead Class counsel)
        Jonathan Harris (JH-3047)
        Jerald D. Bien-Willner
        BERNSTEIN LITOWITZ BERGER
          & GROSSMANN LLP
        1285 Avenue of the Americas
        New York, New York 10019
        Phone:  (212) 554-1400
        Fax:  (212) 554-1444

        Derek W. Loeser (DL-6712) (proposed co-lead Class counsel)
        Lynn L. Sarko (LS-3700)
        Karin B. Swope (KS-3369)
        Tyler L. Farmer (TF-6398)
        KELLER ROHRBACK L.L.P.
        1201 Third Avenue, Suite 3200
        Seattle, Washington 98101
        Phone:  (206) 623-1900
        Fax:  (206) 623-3384

**Defendants**

Harvey J. Wolkoff (lead counsel)
Robert A. Skinner
Olivia S. Choe
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
Phone: (617) 951-7000
Fax: (617) 951-7050

Jerome C. Katz (JK-0850)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
Phone: (212) 596-9000
Fax: (212) 596-9090

b.    *State the basis for federal jurisdiction:*

The Court has subject-matter jurisdiction pursuant to the

provisions of  28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) because the

claims asserted arise under the Employee Retirement Income Security Act

of 1974, 29 U.S.C. §§ 1001 *et seq*. ("ERISA").

c.    *Briefly describe the claims asserted in the complaint and any
counterclaims:*

Class Plaintiffs allege that Defendants violated ERISA by

breaching their duties to retirement plans and participants with respect to

State Street's management of assets invested in bond funds, including

without limitation, the Enhanced Intermediate Bond Fund, the

Intermediate Bond Fund for Employee Trusts, the Daily Bond Market

Fund, the Core Intermediate Credit Bond Fund, the Daily Corporate /

Government Credit Bond Fund, the SSgA Yield Plus Fund, the Total

Bond Market Fund, the SSgA Bond Market Fund, and the Limited

Duration Bond Fund (the "Bond Funds"). Specifically, Plaintiffs allege that Defendants violated Section 404(a) of ERISA by, *inter alia*, investing the assets of the Bond Funds recklessly and imprudently, and contrary to the stated objectives of the Bond Funds.

    *d.*      *State the major legal and factual issues in the case:*

           Legal issues:

           1.   Standards for liability under ERISA for the causes of action alleged in the complaint;

           2.   Appropriate remedies under ERISA if the alleged violations are proven;

           3.   Whether defendants' alleged ERISA violations were the proximate cause of plaintiffs' alleged harm; and

           4.   Whether Plaintiffs have standing or capacity to assert claims regarding "Bond Funds" other than those in which the Andover Cos. Plan was invested, and whether the requirements for class certification under Fed. R. Civ. P. 23 are satisfied here.

           Factual issues:

           1.   Defendants' disclosures and non-disclosures about the "Bond Funds;"

           2   The investment objectives, strategy, and holdings of the "Bond Funds," including the use of leverage and derivatives;

           3.   Risk control and other internal procedures used by Defendants in operating the "Bond Funds;"

4.   The performance of, and losses sustained from, investments in the "Bond Funds"; and

5.   Whether the investments made by the Defendants in the Bond Funds were contrary to the purpose of the funds and exposed the assets of the funds to excessive risk of loss.

State Street further submits that the following factual issues require resolution in this case.  Class Plaintiffs disagree to the following Nos. 6, 7 & 8 as factual issues in this case.

6.   The nature and scope of investments that Defendants were authorized by the governing fund documents to make in the "Bond Funds";

7.   Plaintiffs' knowledge concerning the investment objectives, strategy and holdings of the "Bond Funds"; and

8.      The knowledge of other plan fiduciaries concerning the investment objectives, strategy and holdings of the "Bond Funds."

e.   *Describe the relief sought:*

1.   Make-whole relief for the losses to the plans at issue that resulted from Defendants' violations of ERISA, together with pre-judgment interest;

2.   Disgorgement by Defendants of all fees and other amounts received for providing services in connection with the "Bond Funds" at issue, together with pre-judgment interest;

3.  Permanent injunction against Defendants from further breaching, violating, or failing to discharge their duties under ERISA; and

4.  Attorneys' fees and costs, pursuant to Section 502(g) of ERISA and the common fund doctrine; and

5.  Such other relief as is necessary and appropriate to remedy State Street's violations of ERISA.

2.    *Proposed Case Management Plan*

Class Plaintiffs request that this action be consolidated with the Unisystems Suit, Case Number 07-CV-09319(RJH), another class action lawsuit filed in this Court also asserting ERISA claims against State Street.

State Street intends to move to have this case transferred to the District of Massachusetts and has requested a conference regarding this motion.  In the event the case is not transferred, State Street submits that discovery and motion practice should be staged, with class certification discovery and briefing occurring first, and merits discovery to follow.

Class Plaintiffs oppose the motion to transfer from their chosen forum. Class Plaintiffs further submit that class certification and merits discovery should proceed together, and oppose State Street's attempt to "stage" discovery.  Class Plaintiffs do not believe any stay of discovery would be appropriate at this time.

Accordingly, the parties have proposed alternative case management plans, as indicated below.

a.    *Identify all pending motions:*

Class Plaintiffs request that the Unisystems Suit be consolidated with this Action.

State Street has requested a conference with the Court with respect to its intent to file a motion to dismiss or, in the alternative, to transfer. In light of the Amended Complaint, State Street does not intend to pursue its motion to dismiss. A proposed briefing schedule on the motion to transfer is set forth below.

b.    *Propose a cutoff date for joinder of additional parties:*

Thursday, July 3, 2008.

c.    *Propose a cutoff date for amendments to pleadings:*

Thursday, July 3, 2008.

d.    *Propose a schedule for completion of discovery, including:*

i.    *A date for Rule 26(a)(1) disclosures, if not previously completed:*

Friday, January 18, 2008.

ii.    *A fact discovery completion date:*

Class Plaintiffs' proposal:

Friday May 23, 2008 for completion of document discovery; and

Friday, October 3, 2008, for completion of fact depositions.

State Street's proposal:

      Friday, May 30, 2008 for completion of class certification discovery.

      Wednesday, December 31, 2008 for merits document discovery.

      Thursday, April 30, 2009 for merits fact depositions.

*iii.*     *A date for Rule 26(a)(2) disclosures:*

Class Plaintiffs' proposal:

      Wednesday, November 3, 2008.

State Street's proposal:

      Friday, May 29, 2009.

*iv.*     *An expert discovery completion date, including dates for delivery of expert reports:*

Class Plaintiffs' proposal:

      Wednesday, November 3, 2008, for delivery of initial expert reports;

      Wednesday, December 3, 2008, for delivery of any rebuttal expert reports; and

      Friday, January 30, 2009, for completion of expert discovery, including depositions.

State Street's proposal:

      Friday, May 29, 2009, for delivery of initial expert reports;

      Friday June 26, 2009, for delivery of any rebuttal expert reports; and

Friday, September 11, 2009, for completion of expert

discovery, including depositions.

e.    *Propose a date for filing dispositive motions:*

Class Plaintiffs' proposal:

Friday, February 27, 2009.

State Street's proposal:

Friday, October 16, 2009.

f.    *Propose a date for filing a final pretrial order:*

Class Plaintiffs' proposal:

Friday, March 30, 2009.

State Street's proposal:

Friday, December 18, 2009.

g.    *Propose a trial scheduling, indicating:*

i.    *Whether a jury trial is requested:*

With respect to Plaintiff's ERISA claims, there is no right

to a jury trial.  A jury may be demanded in the event there are other

claims to be tried.

ii.    *The probable length of trial:*

3-4 weeks.

iii.    *When the case will be ready for trial:*

Class Plaintiffs' proposal:

Monday, April 19, 2009.

State Street's proposal:

Monday, January 11, 2010.

3.    *Consent to Proceed Before a Magistrate Judge:*

The parties do not consent to proceed before a magistrate judge.

4.    *Status of Settlement Discussions*

a.    *Indicate whether any settlement discussions have occurred:*

There have been no settlement discussions.

b.    *Describe the status of any settlement discussions:*

There have been no settlement discussions.

c.    *Whether parties request a settlement conference:*

In light of the fact there are no settlement discussions at this time,

the parties do not request such a conference.

5.    *Additional matters*

The parties propose the following briefing schedule for State Street's

motion to transfer this case to the District of Massachusetts: (i) State Street's

moving papers due on Friday, January 11, 2008; (ii) Class Plaintiffs' opposition

papers due on Friday, February 1, 2008; and (iii) State Street's reply papers due

on Friday, February 15, 2008.

Class Plaintiffs further request that the Court schedule a date for oral

argument on the motion at its earliest convenience after February 15, 2008.

Class Plaintiffs intend to submit a motion for class certification by May

30, 2008.

Dated:  January 2, 2008

William C. Fredericks (WF-1576)
Jonathan Harris (JH-3047)
Jerald D. Bien-Willner
BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP
1285 Avenue of the Americas
New York, New York 10019
Phone:  (212) 554-1400
Fax:  (212) 554-1444

Derek W. Loeser (DL-6712)
Lynn L. Sarko (LS-3700)
Karin B. Swope (KS-3369)
Tyler L. Farmer (TF-6398)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Phone:  (206) 623-1900
Fax:  (206) 623-3384

*Attorneys for Merrimack Mutual
Fire Insurance Co. on behalf of the
Andover Cos. Plan and the Class of
Similarly Situated Plans*

Jerome C. Katz (JK-0850)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
Phone: (212) 596-9000
Fax: (212) 596-9090

Harvey J. Wolkoff
Robert A. Skinner
Olivia S. Choe
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
Phone: (617) 951-7000
Fax: (617) 951-7050

*Attorneys for Defendants State Street
Bank and Trust Company and
State Street Global Advisors, Inc.*

SO ORDERED.

_____
Richard J. Holwell, U.S.D.J.

January ___, 2008